## NAGEL–CHASE MFG. CO. v. KOFSKY.
### No. 5155.

Circuit Court of Appeals, Third Circuit.
June 1, 1934.

Samuel W. Banning, of Chicago, Ill., Edgar S. McKaig, of Philadelphia, Pa., and Ephraim Banning, of Chicago, Ill., for appellant.

Charles J. Weiss, Henry Wessel, Jr., Jerome Bennett, and H. H. Cohen, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the Nagel-Chase Manufacturing Company, hereafter called plaintiff, by its bill charged the Champion Lighting Company, hereafter called defendant,

with infringement of patent No. 1,800,665, granted April 14, 1931, to Edward Schultz, for a tobacco receptacle. The bill also charged infringement of design patent No. 85,117 for said receptacle, granted September 15, 1931, to same patentee.

On final hearing, the court held neither patent infringed and dismissed the bill. In so doing the court committed no error and its opinion really leaves nothing to be said save by way of repetition. In view of the previous art, the claims of the patent are narrow and are confined to the particular structure therein described. The essential, effective element in opening and closing the plaintiff's trap door is the turned tongue, which is part of the trap door itself. As this mechanism is not found in defendant's structure, infringement does not follow.

As to the design patent, the distinctive characteristics of the design are, first, a slender, fluted supporting column; and, second, the ornamental handles on the Grecian vase. The test of infringement is whether one who had seen the plaintiff's receptacle and desired to buy another, would be misled by the defendant's structure into imagining he was purchasing the plaintiff's design structure. Clearly, he would not. The defendant's design does not have plaintiff's slender supporting column, nor the walls of Troy which characterize and individualize the plaintiff's structure and design for the supporting base of the same general kind. While it may be that the defendant got the idea of a trap door tobacco ash receptacle from the plaintiff, nevertheless the fact remains that there is no possibility of confounding the two. We accordingly affirm the decree below.